L. E. Green *et al.*, Respondents, v. Pacific Express Company, Appellant.

**St. Louis Court of Appeals, November 5, 1889.**

1. **Express Company: LIABILITY OF.** When goods, forwarded by the owner by express, are refused by the consignee, and the express company promises to return them to the consignor, but negligently fails to return them in proper time, the consignor is entitled to recover from the company the damages thus occasioned to him.

2. ———. The claim for such damages is based upon the contract for the return of the goods, and not upon the original contract of shipment, and is therefore not affected by a clause in the latter contract, requiring claims arising from it to be made in writing within sixty days from its date.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

*Albert C. Davis*, for the appellant.

The instructions given for respondents do not correctly state the law. Respondents cannot refuse to receive the goods, even if tendered back to them in an unreasonable time, and thereafter sue for full value of the same. *Tucker v. Railroad*, 50 Mo. 385 ; *Ranken v. Railroad*, 55 Mo. 167, 171; *Faulkner v. Railroad*, 51 Mo. 311; *Glascock v. Railroad*, 65 Mo. 589; *Sturgeon v. Railroad*, 69 Mo. 569; 2 Redfield on Railways, p. 14; *Shaw v. Railroad*, 5 Rich. [S. C.] 462; Hutchinson on Carriers, sec. 328; *Tanner v. Railroad*, 53 Pa. St. 441; *Scoville v. Griffith*, 12 N. Y. 509, 518; *Hackett v. Railroad*, 35 N. H. 390. This claim is barred by the terms of the contract, because it was not made in time, in writing, and accompanied by the receipt. *Rice v.*

*Railroad,* 63 Mo. 314; *Dunn v. Railroad,* 68 Mo. 268; *Davidson v. Railroad,* 76 Mo. 514; *Massengale v. Tel. Co.,* 17 Mo. App. 257; *Brown v. Railroad,* 18 Mo. App. 568; *McBeth v. Railroad,* 20 Mo. App. 445; *Thompson. v. Railroad,* 22 Mo. App. 321.

*H. M. Wilcox* and *G. H. Ten Broek,* for the respondents.

The contract, under which the goods were carried from St. Louis to Arkansas City, was completed and terminated, when the goods arrived at their destination, and the consignee was notified thereof. It cannot be denied that appellant, on April 18, 1887, agreed and undertook to return the goods to St. Louis. This agreement was made and undertaken after the shipping contract had terminated. It was an entirely new agreement, whereby appellant undertook the return of the goods subject to no condition whatever. The instruction given for the respondents was proper.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to recover damages, alleged to have been sustained by the plaintiffs through the negligent failure of the defendants to return to the plaintiffs two boxes of millinery goods, which the plaintiffs had shipped to a customer at Arkansas City in the state of Kansas, and which goods had been declined by the consignee. The statement filed before the justice sets out the ground of action at considerable length, and is in substance a declaration upon a promise of the defendant, the Pacific Express Company, to return the goods, and a breach of that promise on the part of the company. At the close of the statement there is an averment that "if defendants had returned said goods immediately after said order for the return of said goods was given,

plaintiffs would have received the same before the season of such goods had expired." Inferentially, therefore, the *gravamen* of the complaint is *delay* in returning the goods according to the alleged promise, and not a total failure to return them.

Wells, Fargo & Company, a corporation, were joined as defendants; but the plaintiffs took a non-suit as to them. In the circuit court the trial took place without a jury, and resulted in a finding and judgment in favor of the plaintiffs and against the Pacific Express Company.

The substantial facts shown in evidence at the trial were that on the twenty-sixth of March, 1887, the plaintiffs shipped two boxes of early spring ladies' hats, for sale on approval, to Mrs. Hollenbeck at Arkansas City, in the state of Kansas, by the Pacific Express Company, taking the usual receipt of the company therefor in a book of the company furnished to the plaintiffs for the purpose of taking and preserving such receipts. The goods went forward to Arkansas City, in Kansas, and there remained until the eighteenth of April, when the plaintiffs received by mail from Mrs. Hollenbeck a notification that she declined to receive the goods. Thereupon the plaintiffs requested the Pacific Express Company to return the goods to the plaintiffs, explaining to them at the same time,—as their evidence tends to show and as the defendants' evidence does not distinctly deny,—that unless the goods should be returned by the first of May the season for their sale would be past and they would be worthless. This the agent of the company promised to do. There is a town in the state of Arkansas named Arkansas City, and the agent of the company by mistake directed the order for the return of the goods to an agent of the connecting express company of the Pacific Express Company at that place. No attention was paid to this direction by the agent of the connecting carrier at Arkansas City in Arkansas. If

such attention had been given to the direction, it would have resulted in the early communication to the agent of the Pacific Express Company at St. Louis of the fact that the goods were not in the hands of their correspondent at Arkansas City in Arkansas. The matter thus rested until the twenty-ninth of April, when Wells, Fargo & Company sent notice to the agent of the Pacific Express Company at St. Louis, to the effect that the goods remained in their hands at Arkansas City in Kansas, and were refused by the consignee. Thereupon the agent of the Pacific Express Company communicated this notice to the plaintiffs and applied for their written direction as to what should be done with the goods to be endorsed on this notice in compliance with the rules of the company. The plaintiffs endorsed their direction that the goods should be returned. This endorsement was made on the thirtieth of April. The goods were not returned until the seventh of May, when they were tendered to the plaintiffs, not by the Pacific Express Company, but by the American Express Company, to which company they had, it seems, been delivered by Wells, Fargo & Company for the purpose of being returned. The plaintiffs declined to receive the goods, on the ground that the season for their sale had passed by, and that they were worthless. The evidence is to the effect that the distance between St. Louis and Arkansas City in Kansas is about a day and a half, and it fairly leads to the inference that with reasonable diligence, the order given by the plaintiff on the eighteenth of April for the return of the goods might have been executed in the space of four days.

I. The court gave a comprehensive instruction, reciting the foregoing facts and concluding by a declaration that if the Pacific Express Company, by the exercise of ordinary care and diligence, might have returned the goods to the plaintiff on or before the first of May, but negligently and carelessly failed and neglected to

do so, by reason of which negligence and carelessness the plaintiffs have been damaged, they are entitled to recover. The giving of this instruction is the first error assigned by the defendant. We see no ground on which its propriety can be challenged. We do not deem it necessary to set it out in terms. It is sufficient to say that we understand it to be aptly drawn, and to be a correct application of the law to the hypothetical state of facts recited in it, which the evidence left undisputed, and which were substantially the same as those above recited.

One of the grounds on which the instruction is challenged is that a shipper cannot refuse to receive the goods, even if tendered back to him in an unreasonable time, and thereafter recover their full value. The instruction announces no such proposition, but concludes by the recital that, if the court finds the facts stated, the plaintiffs are entitled to recover such sum as the court believes from the evidence. the plaintiffs have been damaged thereby.

Nor is it necessary to question the proposition, made in argument on behalf of the appellant, that if the goods are tendered by the carrier in proper time, place and manner to the owner or consignee, and receipt thereof is refused, the carrier is released as such, and is thereafter responsible only as an ordinary bailee. This proposition is not at all questioned by the instruction given by the court, nor is it at all relevant to the case before us.

II. The contract under which the goods were shipped contains this clause: "And it is further agreed that the said Pacific Express Company shall not be liable for any claim, of whatsoever nature, arising from this contract, unless such claim shall be presented in writing sixty days from the date hereof, in a statement to which this receipt shall be annexed." There was no evidence that such a claim had been presented in writing. An instruction was tendered by the defendant

Leigh v. Springfield Fire & Mar. Ins. Co.

and refused by the court, to the effect that, unless the court found that such a claim had been presented in writing, the plaintiffs could not recover. The court was right in this ruling. The plaintiffs are not suing on the original contract of shipment, but they are suing on the subsequent parol promise of the defendant, made on the eighteenth of April, after the plaintiffs had received notice from the consignee that she refused to receive the goods, to return them to the plaintiffs. The claim of the plaintiffs is therefore not a claim "arising from this contract," that is, from the original contract of shipment, but a claim arising from the subsequent undertaking of the defendant. The limitation in the original contract is therefore not applicable to this action.

The judgment of the circuit court will be affirmed. All the judges concur.